UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN CARMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON NEW JERSEY HEALTH,<br><br>Defendants. | Civil Action No. 15-7932 (JMV)<br><br>ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a cross-motion by Defendant Horizon New Jersey Health ("Defendant" or "Horizon") seeking an extension of time to respond to the Amended Complaint of Plaintiffs Susan Carman and Derek Dillard ("Plaintiffs"). Plaintiffs oppose Defendant's motion. For the foregoing reasons, Defendant's motion to extend its time to respond to the Amended Complaint is hereby **GRANTED**.

**BACKGROUND**

Plaintiffs filed their Complaint in this action on November 5, 2015. [Docket Entry No. 1]. On November 24, 2015, Plaintiffs filed an Amended Complaint which was served on Defendant on April 20, 2016. [Docket Entry No. 6, 10]. Based on this date of service, Defendant's deadline to respond to the Amended Complaint was May 11, 2016. [Docket Entry No. 10]. As no answer was filed by that time, The Hon. John M. Vazquez, U.S.D.J, entered an order on May 13, 2016 (the "May Order") directing the parties to "move this civil action, by requesting that a **default and default judgment** be entered or submitting an extension to answer out of time, within twenty (20) days from the date hereof." [Docket Entry No. 11].

1

On May 18, 2016, Plaintiffs—without previously requesting that default be entered against Defendant pursuant to Fed. R. Civ. P. 55(a)—filed a motion for default judgment against Defendant. [Docket Entry No. 12]. On June 21, 2016, Defendant timely filed its opposition. [Docket Entry No. 17]. On that same date, Defendant filed the instant cross-motion, arguing that it was unable to timely respond to the Amended Complaint. [*See id.*] In short, Defendant claims that it first received a copy of the Amended Complaint on April 25, 2016 which was inadvertently delayed in its transfer to Defendant's legal department. [*See* Docket Entry No. 17-1 at 5]. As a result, Defendant's legal department did not receive a copy of the Complaint until May 17, 2016, six (6) days after its deadline to file a response to the Amended Complaint. [*See id.*] Before Defendant could file its motion to extend the time to respond to the Amended Complaint, Plaintiffs filed their motion for default judgment necessitating their opposition and the instant cross-motion.

Notwithstanding Defendant's failure to timely answer, Defendant argues the instant cross-motion should be granted. Namely Defendant contend that Plaintiffs have not, and will not face any prejudice because the minor delay caused by Defendant has not had any impact on this action. [*See id.* at page 6.]

In opposition, Plaintiffs argue that Defendant has failed to establish good cause because, even with the inadvertent transfer of the Amended Complaint, Defendant had sufficient time to respond, and didn't.

## **ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may, for good cause, extend a party's time to file an answer "if the party failed to act because of excusable neglect." *See Bell v. Twp. of Quinton*, No. 14-1789 (NLH/KMW), 2015 U.S. Dist. LEXIS 4730, at *5

(D.N.J. Jan. 15, 2015). In considering whether there was "excusable neglect," a court considers "all relevant circumstances surrounding the party's omission[,]" which include "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Based on the circumstances in this case, the Court finds that "excusable neglect" exists. Here, Defendant has represented that its legal department did not receive a copy of the Amended Complaint until May 17, 2016—six (6) days after its deadline to respond and four (4) days after the Court's May 13, 2016 Order. After immediately speaking with the Court on the very day the legal department received the Amended Complaint, Defendant began preparing its motion to answer out of time. But before it could file, Plaintiffs filed their motion for default judgment. While this mistake was the result of Defendant's own actions, the Court does not find that Defendant purposefully sought to delay this matter, or otherwise acted in bad faith.

Importantly, the delay in filing an answer has caused almost no impact on this action because no scheduling order has been entered or discovery engaged. Plaintiff has not asserted any prejudice arising out of the delay in filing an answer, and there is no indication that relevant materials or witnesses were lost or that any party will have gained an advantage through the belated filing of an answer. Indeed, no prejudice can be found because, to date, Plaintiffs have not requested an entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a).[1]

---

[1] While Plaintiffs argue that they were not required to request an entry of default against Defendant based on the Court's May Order, their reading of that Order is incorrect. That Order specifically required Plaintiffs to request that a "default *and* default judgment" be entered. The use of the word "and" here requires Plaintiffs to take two steps: request the entry of default against Defendant and then request the entry of default judgment. Here, Plaintiffs failed to comply with the first step as required by Fed. R. Civ. P. 55(a).

Based on the lack of prejudice to Plaintiffs, the lack of impact on these proceedings, and Defendant's excusable neglect in filing a timely answer, the Court finds that good cause exists to grant Defendant's motion for an extension of time to respond to the Amended Complaint pursuant to Fed. R. Civ. P. 6(b)(1)(B). Moreover, the Third Circuit "does not favor entry of defaults or default judgments" and has expressed a preference to decide cases on the merits. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). As such, Defendant's motion for an extension of time to file an answer is **GRANTED**.

Having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 23rd day of December, 2016,

**ORDERED** that Defendant's cross-motion for an extension of time to respond to the Amended Complaint [Docket Entry No. 17] is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' motion for default judgment is administratively terminated as moot [Docket Entry No. 12]; and it is further

**ORDERED** that Defendant shall respond to the Amended Complaint no later than **January 6, 2017**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motions at Docket Entry Nos. 11 and 17.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**