UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

SUSAN CARMAN and DEREK DILLARD,

*Plaintiffs,*

v.

HORIZON NEW JERSEY HEALTH,

*Defendant.*

Civil Action No. 15-7932

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant Horizon New Jersey Health's ("Horizon" or "Defendant") motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 24. Plaintiffs Susan Carman ("Carman) and Derek Dillard ("Dillard")[1] (collectively "Plaintiffs") filed a brief in opposition. D.E. 26. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **GRANTED**.

---

[1] In their opposition, Plaintiffs indicated that Dillard is asserting "third party" standing on behalf of Carman because she is incapacitated. At the same time, Plaintiffs make allegations about Dillard, an African American, caring for Carman, a Caucasian. Plaintiffs also reference Dillard's age. As a result, it is entirely unclear whether Plaintiffs are claiming that Dillard himself was discriminated against due to his race and/or age or whether Plaintiffs are instead claiming that Dillard is merely asserting Carman's rights. Count Five, discussed herein, appears to be a claim that Dillard was personally aggrieved. Because the Court is granting Plaintiffs an opportunity to amend their Amended Complaint, Plaintiffs should clarify their position.

## I. BACKGROUND

### A. Factual Background[2]

Beginning in 1997 and continuing through the present, Plaintiff Carman received Medicaid approved Personal Care Assistance ("PCA") services in her home. First Amended Complaint ("FAC") ¶ 8; D.E. 6. Plaintiff Dillard, an African American, provides Plaintiff with her PCA services. *Id.* ¶ 9. Carman qualifies for PCA services due to "her nervous condition (chronic epilepsy and seizure disorder)." *Id.* ¶ 1.

In September 2015 Carman filed a claim against the New Jersey Department of Health and Human Services and the New Jersey Department of Developmental Disabilities (collectively the "New Jersey Departments") alleging American Disability Act ("ADA") violations.[3] Plaintiffs allege that in retaliation for Carman's filing the ADA claim, Defendant Horizon, which contracts with the New Jersey Departments, denied Carman the same level of PCA benefits she had previously received. *Id.* ¶ 8. Carman currently receives 25 hours of approved PCA services per week. *Id.* ¶ 10. She alleges that starting in January 2016, Horizon reduced her approved hours of PCA services in order to cause her physical and financial distress. *Id.* ¶ 9.

### B. Procedural History

On November 5, 2015 Plaintiffs filed a Complaint seeking to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. Judge Linares granted Plaintiffs' application to

---

[2] The factual background is taken from the Amended Complaint, D.E. 6. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] Plaintiffs do not specify the nature of these ADA violations.

2

proceed *in forma pauperis*. D.E. 2. On November 24, 2015 Plaintiffs filed the Amended Complaint[4]). D.E. 6. The case was reassigned on February 23, 2016 from Judge Linares to the undersigned.

Plaintiffs moved for default judgment on May 18, 2016. D.E 12. Defendant then filed a notice of appearance, D.E. 13-14, and Plaintiffs' motion for default judgment was administratively terminated. D.E. 20. On January 13, 2017 Defendant moved to dismiss this action pursuant to Rule 12(b)(6). D.E. 24. Plaintiffs opposed this motion. D.E. 25-26.

## II. LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if

---

[4] The Amended Complaint also does not appear to conform to the required form for a pleading. Plaintiffs' paragraphs contain numerous sentences, factual allegations, and different circumstances. *See* F. R. Civ. P. 10(a) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

3

plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. LEGAL ANALYSIS

#### A. COUNT ONE

In their first cause of action, Plaintiffs allege "general discrimination" in violation of the ADA and Title VII of the 1964 Civil Rights Act ("1964 CRA").[5] Plaintiffs state that Carman's "health disability as an epileptic . . . was the reason the Defendant disregarded her request [of increased PCA service hours]." FAC ¶ 14. Plaintiffs also apparently allege that Horizon discriminated against Dillard for being African American. *Id.* Plaintiffs do not plausibly plead either claim.

The ADA states, in relevant part, that "[n]o qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." 28 C.F.R. § 35.130. While Carman appears to qualify as an individual with a disability, Plaintiffs have not plausibly alleged that Defendant Horizon is a public entity. Nor can the Court infer from the Amended Complaint that Horizon is a public entity since the only fact connecting Horizon to the government is that it contracts with the New Jersey Departments. FAC ¶ 8. This fact alone is legally insufficient. "A private corporation is not a public entity merely because it contracts with a public entity to provide some service." *Matthews v. Pennsylvania Dep't of*

---

[5] In addition to the deficiencies in Count One stated herein, it also appears that Plaintiffs improperly combined two separate claims, violations of the ADA and Title VII, in a single count.

4

*Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015) (quoting *Edison v. Douberly,* 604 F.3d 1307, 1310 (11th Cir. 2010).[6]

Further, Plaintiffs have not provided facts to support the assertion that Horizon discriminated against Carman "on the basis of disability." Plaintiffs' FAC alleges that Horizon denied Carman the same number of previously approved PCA service hours in retaliation for her filing a claim alleging ADA violation against the New Jersey Departments. FAC ¶ 8. Plaintiff's allegations of retaliation are discussed in more detail below in connection with Count Three. The allegations are not plausibly pled.

As to the Title VII allegations, Plaintiffs did not exhaust the necessary administrative remedies before filing in federal court. Defendant's Brief in Support of its Motion to Dismiss ("Def. Brf.") 3; D.E 24. Title VII "requires an aggrieved party to file, within 180 days of the alleged discriminatory practice, a charge with the EEOC [the United States Equal Employment Opportunity Commission] and receive a 'right to sue' letter before bringing an action against 'the respondent named in the charge.'" *Bishop v. Okidata, Inc.*, 864 F. Supp. 416, 424 (D.N.J. 1994) (quoting 42 U.S.C. § 2000e–5). Plaintiffs offer no proof that they filed with the EEOC, and do not contest Defendant's assertion that they did not file. Def. Brf. 3.

In addition, "Title VII protects all employees of and applicants for employment with a covered employer, employment agency, labor organization, or training program against

---

[6] 42 U.S.C. § 12131 defines "public entity" to mean "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority . . . ." (West). Here, the relevant question is whether Horizon is an instrumentality of New Jersey. The Third Circuit has adopted the reasoning of the Eleventh Circuit in *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) "that that the term 'instrumentality of a State' refers to governmental units or units created by them." *Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015).

5

discrimination based on race, color, religion, sex, or national origin." *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 323 (1980). Thus, Title VII prohibits employers from wrongfully discriminating against their employees. *See* 42 U.S.C.A. § 2000e-2 (West). Here, Plaintiffs have not plausibly alleged either that Horizon employed Dillard or a nexus between Horizon's denials of Carman's request for more approved PCA service hours and Dillard's race. For these reasons, Count One is dismissed.

### B. COUNT TWO

In their second cause of action, Plaintiffs allege that Horizon violated the ADA in denying Carman equal opportunity in benefits. Plaintiffs contend that Horizon's decision to not authorize "the full measure of [Carman's] PCA benefits, including financial compensation to her PCA provider for weekend and other support" violated the ADA. FAC ¶ 15. Plaintiffs rely on 28 C.F.R. § 35.130(b)(1)(iii), which, in relevant part, provides:

> (b)(1) A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability—
> . . .
> (iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others . . .

For the same reasons discussed *supra* in analyzing the plausibility of Count One, Count Two also does not state a plausible claim. As stated, Plaintiffs have not provided plausible facts to suggest that Horizon is a public entity within the meaning of § 35.130. Plaintiffs, furthermore, have not plausibly pled their assertion that Horizon discriminated against Carman "on the basis of disability" as required to sustain a claim under § 35.130. Congress intended for the ADA to prohibit not only deliberate discrimination, but also the discriminatory effects of benign neglect,

apathy, and indifference against disabled persons. *Helen L. v. DiDario*, 46 F.3d 325, 335 (3d Cir. 1995). Thus, a plaintiff claiming discrimination "on the basis of disability" may allege that a public entity intentionally or unintentionally discriminated against her by treating her less favorably than other handicapped or non-handicapped persons. *Id.* at 336. Here, however, Plaintiffs have not alleged facts suggesting that Carman received a disparate amount of approved PCA service hours than comparative persons seeking similar care. Count Two is, therefore, dismissed.

### C. COUNT THREE

In their third cause of action, Plaintiffs allege that Horizon retaliated against Carman for her filing of a claim alleging ADA violations against the New Jersey Departments. Plaintiffs state that Horizon denied Carman authorization for more PCA service hours "without good cause as an intimidation tactics [sic] to try to force Plaintiff to withdraw earlier litigation against associated organizations and to adversely affect her chosen PCA caregiver Derek Dillard as an unnecessary financial diversion." FAC ¶ 16. Plaintiffs assert this claim under 28 C.F.R. § 35.134(b), which, in relevant part, provides:

> No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

To bring a claim of retaliation under the ADA "a plaintiff must first establish that (1) he was engaged in protected conduct; (2) an adverse action was taken; and (3) there is a causal link between the protected conduct and the adverse action . . . . *Cottrell v. Good Wheels*, 458 F. App'x 98, 100 (3d Cir. 2012). Bringing an ADA retaliation claim, therefore, requires Plaintiffs

7

to plausibly allege facts evidencing a causal connection between Horizon's denial of Carman's request for more PCA service hours and Carman's filing a claim against the New Jersey Departments. *See Walsh v. Wal Mart Stores, Inc.*, 200 F. App'x 134, 136 (3d Cir. 2006). Plaintiffs may provide proof of such causation through alleging facts regarding temporal proximity between the adverse action and the protected activity, a pattern of antagonism by Defendant in response to Plaintiffs' protected activity, and Defendant's knowledge of that protected activity. *Id.* While evidence of only one factor is generally insufficient to establish causation, evidence of all three is also not necessary, so long as the claim reasonably supports an inference of causation. *Id.* (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997), abrogated on other grounds by *Burlington No. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 (2006)).

Here, Plaintiffs have not plausibly pled a causal connection between Horizon denying Carman authorization for more PCA service hours and Carman's filing a claim against the New Jersey Departments. While Plaintiffs state that Horizon's denial of Carman's requested PCA service hours started in January 2016, four months after Carman's filing a claim against the New Jersey Departments in September 2015, this fact alone is insufficient to infer a causal connection between the two events. Plaintiffs have not alleged facts suggesting a pattern of antagonism, which requires a plaintiff to demonstrate a retaliatory motive on the part of the defendant. *Walsh*, 200 F. App'x at 137. Likewise, Plaintiffs also have not alleged facts supporting their assertion that Horizon knew that Carman had filed a claim against the New Jersey Departments.[7]

---

[7] Although not discussed or cited in the Amended Complaint, Plaintiffs attached to the pleading a letter from Carman to the New Jersey Department of Human Services dated 11/5/2015. FAC, page id. 82. In the letter, Carman asks the Department to not retaliate against her, in the form of denying her PCA service hours, for filing a claim against the Department. At the bottom of this letter Carman wrote "Cc: Linda Eynon, Esq. Linda_Eynon@horizonnjhealth.com, Horizon NJ

8

The Court, therefore, finds that Plaintiffs have not plausibly pled a claim of retaliation and dismisses Count Three.

### D. COUNT FOUR

In their fourth cause of action, Plaintiffs allege that Horizon's denial of Carman's request for more PCA service hours violated the ADA because it denied Carman effective communication with others. Plaintiffs bring this claim under 28 C.F.R. § 35.160, which generally "require[s] public entities to take 'appropriate steps' to ensure that communication with a disabled person is as effective as communication with others." *Chisolm v. McManimon*, 275 F.3d 315, 325 (3d Cir. 2001) (citing 28 C.F.R. § 35.160(a)). ADA regulations also require that where "'necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity,' a public entity must furnish 'appropriate auxiliary aids and services.'" *Chisolm*, 275 F.3d at 325 (3d Cir. 2001) (citing 28 C.F.R. § 35.160(b)). However, for the same reasons discussed *supra* in analyzing the plausibility of Counts One and Two, Count Four also fails to plausibly state a claim under the ADA. As stated above, Plaintiffs have not alleged or provided facts to suggest that Horizon is a public entity within the meaning of § 35.160. In addition, Plaintiffs fail to indicate what alleged deficient communication Carman suffers from. Count Four is, therefore, dismissed.

---

Health/ 210 Silva Street West Trenton. NJ 08628." The Court does not know whether Horizon was ever sent or received this letter because Plaintiffs do not provide any information regarding the letter in their Amended Complaint.

9

### E. COUNT FIVE

Plaintiffs' fifth, and final, cause of action alleges that Dillard suffered employment discrimination in violation of Title VII of the 1964 CRA.[8] Plaintiffs claim that Horizon did not

---

[8] Plaintiffs also allege their claim that Dillard suffered employment discrimination pursuant to 42 U.S.C. § 1981; the Civil Service Reform Act; 5 U.S.C. § 7703(b)(2); the Age Discrimination in Employment Act, 29 U.S.C. § 621; and the Rehabilitation Act, 29 U.S.C. § 701. Plaintiffs have not plausibly alleged a claim pursuant to any of these statutes.

First, 42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcement of private contracts. *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). Here, Plaintiffs fail to plausibly plead a cause of action under § 1981 because Plaintiffs have not offered any facts to support their claim that Dillard's race was the reason Horizon denied Carman more authorized PCA service hours. *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987) (finding that if on remand plaintiff could show that he suffered intentional discrimination "based on the fact that he was born an Arab . . . he will have made out a case under § 1981").

Second, the Civil Service Reform Act allows "certain federal employees [to] obtain administrative and judicial review of specified adverse employment actions. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012). Plaintiffs have not alleged any facts suggesting that Dillard is a federal employee or that Horizon is a federal employer.

Third, 5 U.S.C. § 7703(b)(2) allows a federal district court to review the final order or decision of the Merits Systems Protection Board addressing an adversely affected or aggrieved employee's claim of discrimination. *See Elgin*, 567 U.S. at 13. Here, Plaintiffs have not alleged that the Merits Systems Protection Board ever received notice of Plaintiffs' Complaint against Horizon or issued a decision. There is, therefore, no final order or decision for this Court to review.

Fourth, the Age Discrimination in Employment Act, 29 U.S.C. § 621, "was designed to promote the employment of persons between the ages of 40 and 64 by prohibiting discriminatory employment decisions based on age." *Bonham v. Dresser Indus., Inc.*, 569 F.2d 187, 191 (3d Cir. 1977). To bring a claim under § 621 a plaintiff must meet several procedural requirements. For example, he "must notify the Secretary of Labor that he intends to sue 60 days before commencing an action." *Id.* Here, Plaintiffs have not alleged that they notified the Secretary of Labor of their claim and, therefore, the claim is not plausibly pled.

Fifth, and finally, the Rehabilitation Act, as amended 29 U.S.C. § 701 et seq., provides that no individual "shall, solely, by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C.A. § 794 (West). "In order to establish a violation of the Rehabilitation Act, a plaintiff must prove (1) that he is a

hire Dillard as a "caregiver with full pay and benefits because of his race (African-American) and age (over 40)." FAC ¶¶ 14, 18. To begin, a plaintiff cannot allege a claim under Title VII for age discrimination. Title VII only prohibits covered employers from discriminating against employees on the basis of race, color, religion, sex, or national origin. *Gen. Tel. Co. of the Nw.*, 446 U.S. at 323. Further, for the same reasons discussed *supra* in analyzing the plausibility of Count One, Plaintiffs have not plausibly pled employment discrimination here. As noted, Plaintiffs did not exhaust Title VII's required administrative remedies before filing in federal court. Def. Brf. 3. They also did not plausibly allege that Horizon employed Dillard. Finally, they did not allege facts supporting their assertion that Dillard's race impacted Horizon's denying Carman more authorized PCA service hours, which would include Dillard working as Carman's caregiver with full pay and benefits. Count Five is, therefore, dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (D.E. 24) is GRANTED. The Complaint is dismissed without prejudice to allow Plaintiffs an opportunity to file an amended complaint. Plaintiffs have thirty (30) days to file another amended complaint, if they

---

'handicapped individual' under the Act, (2) that he is 'otherwise qualified' for the position sought, (3) that he was excluded from the position sought 'solely by reason of his handicap,' and (4) that the program or activity in question receives federal financial assistance.'" *Wagner by Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1009 (3d Cir. 1995) (citations omitted). Plaintiffs have not alleged facts as to Dillard to satisfy any of the required elements needed to bring a Rehabilitation Act claim.

so choose, consistent with this Opinion. If Plaintiffs fail to file an amended complaint, the dismissal will be with prejudice. An appropriate Order accompanies this opinion.

Dated: October 10, 2017

*[signature]*
John Michael Vazquez, U.S.D.J.